UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MALCOLM K. DICKERSON,                                                                    Plaintiff,

v.                                                                    Civil Action No. 3:15-cv-P724-DJH

KENTUCKY CORRECTIONAL
PSYCHIATRIC CENTER *et al.*,                                                          Defendants.

* * * * *

### MEMORANDUM OPINION AND ORDER

This is a civil rights action brought *pro se* by pretrial detainee, Malcolm L. Dickerson, pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

### FACTUAL ALLEGATIONS

In his complaint (DN 1), Plaintiff brings suit against three Defendants - Kentucky Correction Psychiatric Center (KCPC) and two of its employees, Captain Brown and "an unknown staff member." He sues the two individual Defendants in their individual capacities.

Plaintiff alleges that on August 4, 2015, while he was being processed into KCPC, Captain Brown ordered an unknown staff member "to let another patient into the room with [him] who was known to them to be violent." Plaintiff alleges that this patient attacked him and fractured his jaw. He states that, as a result of the attack, he had to "undergo surgery, where a metal plate was placed in [his] jaw and [his] mouth had to be wired shut." Plaintiff alleges that

he now has permanent nerve damage, swelling, pain, and paranoia. He states that he is suing KCPC and its staff for pain, suffering, and mental and physical anguish.

Plaintiff claims that Defendants' actions violated his "Fifth Amendment right to Due Process of Law," "Equal Protection of Law," and his Eighth Amendment right to be free from cruel and unusual punishment.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less

2

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc.* v. *Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a section 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. KCPC

KCPC, a division of the Kentucky Department of Corrections, is a state agency. *See, e.g., Smith v. Dep't of Corr.*, No. 5:06-CV-P72-R, 2007 U.S. Dist. LEXIS 62852 (W.D. Ky. Aug. 24,

2007). Under the Eleventh Amendment, states and state agencies are immune from suit in federal court, even if the only relief sought is prospective injunctive relief. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (recognizing that suits against states and state agencies "are barred regardless of the relief sought"). While a state may lose its immunity by congressional abrogation or by waiver, Congress did not abrogate states' sovereign immunity when it enacted 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66, (1989). Thus, KCPC is absolutely immune from § 1983 liability. Accordingly, the Court must dismiss Plaintiff's complaint against it.

### B. Fifth Amendment Due Process Clause

Plaintiff also claims that Defendants' actions violated his Fifth Amendment right to due process of law. The Fifth Amendment of the United States Constitution provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V.

Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants in this instance. Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of state officials are at issue. Thus, the Court will dismiss the Fifth Amendment claim.

### C. Fourteenth Amendment Equal Protection Clause

In his complaint, Plaintiff also states that he is bringing a claim for violation of his right to "equal protection." In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to § 1983, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated against him because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). It is also possible for a plaintiff to proceed as a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In order to establish a cause of action under the Equal Protection Clause based on a "class of one," Plaintiff must demonstrate "'that [ h]e has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted).

Because Plaintiff's complaint makes no mention of a membership in a protected class or any assertion that similarly-situated people were treated differently, Plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

### D. Eighth Amendment Prohibition Against Cruel and Unusual Punishment

Finally, Plaintiff claims that Defendants' actions violated his right under the Eighth Amendment to be free from cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting

*Rhodes*, 452 U.S. at 346). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).

The Court will allow Plaintiff's claims against Captain Brown and the other unnamed KCPC employee for failing to protect him to proceed. The Court notes that although designation of "John Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. *See Berndt v. Tennessee,* 796 F.2d 879, 882-84 (6th Cir. 1986). Here, the Court concludes that it would be inappropriate to dismiss the complaint against the unnamed Defendant because of the likelihood that the identity of this Defendant will be determined during discovery.

## ORDER

For the foregoing reasons,

**IT IS ORDERED** that all claims against KCPC and the Fifth Amendment Due Process Clause and Fourteenth Amendment Equal Protection Clause claims against the two individual Defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

A separate Scheduling Order will be entered to govern the continuing claims.

Date: January 19, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4415.011